# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHEN LEVINE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>        Defendants. | CASE NO. 1:21-cv-11742 |

## NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANTS GRUBHUB HOLDINGS INC. AND GRUBHUB INC.

Defendants Grubhub Holdings Inc. and Grubhub Inc. (together, "Grubhub") hereby remove the above-captioned matter, commenced as Case Number 2184CV01840 in the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk (the "Action"), to the United States District Court for the District of Massachusetts, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.  In so removing, Grubhub reserves all rights and defenses.  In support of this Notice of Removal, Grubhub states the following:

## I.       TIMELINESS OF REMOVAL

1.       On August 11, 2021, Plaintiff Stephen Levine filed a putative Class Action Complaint against Grubhub in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Case No. 2184CV01840.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Class Action Complaint, (b) Civil Action Cover Sheet, (c) Waiver and Acceptance of Service, (d) Joint Motion to Extend Time to Respond to Complaint, and (e) Superior Court Docket Sheet are attached as Exhibits A–E to the Declaration of Dhananjay S. Manthripragada ("Manthripragada Decl.") filed concurrently herewith.  These filings constitute the complete record of all proceedings in the state court.

2.     On September 29, 2021, Grubhub accepted service and waived objections as to the absence or failure of a summons or service pursuant to the Massachusetts Rules of Civil Procedure. *See* Manthripragada Decl. ¶ 4, Ex. C.  This Notice of Removal is timely because it is filed within 30 days after service was completed.  *See* 28 U.S.C. § 1446(b).

## II.     SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.     Removal is proper under 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this putative class action and all claims asserted against Grubhub under CAFA, 28 U.S.C. § 1332(d).

4.     CAFA applies to "any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a statute or rule, namely Massachusetts Rule of Civil Procedure 23, authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Manthripragada Decl. Ex. A, Compl. ¶ 30.

5.     Plaintiff asks the Court to "certify this case as a class action on behalf of all GrubHub drivers who have worked as independent contractors in Massachusetts." Manthripragada Decl. Ex. A, Compl. ¶ 30.

6.     In his Complaint, Plaintiff alleges three causes of action against Grubhub: (1) failure to reimburse drivers for business expenses in violation of Mass. Gen. Laws. ch. 149, § 148, (2) failure to pay minimum wage in violation of Mass. Gen. Law. ch. 151, §§ 1, 7, and (3) failure to pay earned sick time in violation of Mass. Gen. Law ch. 149, § 148C. Manthripragada Decl. Ex. A, Compl. at pp. 7–8.

7.     Among other things, Plaintiff alleges that putative class members are entitled to restitution for damages allegedly incurred as a result of Grubhub's alleged misclassification of drivers as independent contractors, statutory trebling of wage-related damages, an injunction enjoining Grubhub from classifying drivers as independent contractors, and attorneys' fees and costs.  Manthripragada Decl. Ex. A, Compl., Prayer for Relief.

8.      Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d), 1441.

9.      Grubhub denies any liability in this case.  Grubhub intends to oppose class certification and believes that class treatment is inappropriate because, among other reasons, there are material individualized differences between the named Plaintiff and the putative class members Plaintiff seeks to represent, and among the putative class members, and Plaintiff and the putative class members are bound by arbitration agreements that include a Class Action Waiver.  Grubhub reserves all rights, including to oppose class certification and to contest the merits of all claims asserted in the Complaint.  For purposes of the jurisdictional requirements for removal only, however, the allegations in the Complaint identify a putative class of more than 100 members and puts in controversy an amount that exceeds $5 million in aggregate.  *See* 28 U.S.C. § 1332(d)(6).  In addition, there is minimal diversity between the parties.  *See id.*

A.      **The Putative Class Consists of More Than 100 Members**

10.     Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

11.     Plaintiff's proposed class consists of "all GrubHub drivers who have worked as independent contractors in Massachusetts."  Manthripragada Decl. Ex. A, Compl. ¶ 30.  Plaintiff himself estimates that "tens of thousands" of individuals contracted with Grubhub to perform deliveries in Massachusetts using the Grubhub platform.  *Id.* ¶ 31.  According to Grubhub's records, over 18,000 drivers have used the Grubhub platform to accept and make deliveries in Massachusetts since August 11, 2018.[1]  Declaration of Kyle Emmett ("Emmett Decl.") ¶ 3.

---

[1] Plaintiff's Complaint does not allege a class period.  However, the statute of limitations for each of Plaintiff's causes of action is three years.  Mass. Gen. Laws ch. 149, § 150; Mass. Gen. Laws ch. 151, § 20A.

12.     Accordingly, while Grubhub denies that class treatment is permissible or appropriate, the proposed class consists of more than 100 members.

**B.     Grubhub and Plaintiff Are Not Citizens of the Same State**

13.     Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of a putative class must be a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

14.     A person is a citizen of the state in which he is domiciled.  *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A party's residence is "highly relevant" to his or her domicile.  *Id.* at 11; *see also Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 47 (1st Cir. 2016) ("the place of residence is prima facie evidence of a party's domicile") (emphasis omitted).   According to Plaintiff's Complaint, Plaintiff is a resident of Massachusetts. Manthripragada Decl. Ex. A, Compl. ¶ 5.  Plaintiff is therefore a citizen of Massachusetts for purposes of removal.

15.     Grubhub is a corporation.  Emmett Decl. ¶ 2.  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Grubhub is a Delaware corporation with its principal place of business in Chicago, Illinois.  Emmett Decl. ¶ 2.  Accordingly, Grubhub is a citizen of Delaware and Illinois.

16.     Because Plaintiff and Grubhub are citizens of different states, CAFA's minimal diversity requirement is met.  *See* 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount in Controversy Exceeds $5 Million**

17.     CAFA requires that the amount in controversy in the putative class action exceed $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  In calculating the amount in controversy, a court must aggregate the claims of all individual class members.  *Id.* § 1332(d)(6).

18.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014).  To satisfy this burden, a defendant need only "show a reasonable

probability that more than $5 million is at stake in th[e] case." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 (1st Cir. 2014). "[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* (emphasis omitted); *see also Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction"). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

19.    Although Grubhub denies that Plaintiff's claims have any merit, for the purposes of meeting the jurisdictional requirements for removal only, if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

20.    Grubhub reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. But for present purposes, it is sufficient that Plaintiff's claim for reimbursement of alleged business expenses alone places more than $5 million in controversy. *See Dart Cherokee*, 574 U.S. at 89 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold].").

21.    Plaintiff alleges in his first cause of action that Grubhub "fail[ed] to reimburse [the putative class members] for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans in violation of [Mass.] Gen. L[aws] c[h]. 149[,] § 148." Manthripragada Decl. Ex. A, Compl. at p. 7. On this ground, Plaintiff seeks, among other things, restitution of damages, statutory trebling of damages, and attorneys' fees and costs. *Id.* at p. 8.

22.     Based on Plaintiff's allegation that Grubhub "failed to reimburse [drivers] for their business expenses," *id.* at ¶ 32, it is reasonable to assume for the purposes of this jurisdictional analysis that no class members received reimbursement for alleged business expenses.

23.     During the three-year period prior to the filing of the Complaint, at least 18,000 drivers used the Grubhub platform to accept delivery opportunities and complete deliveries in Massachusetts.  Emmett Decl. ¶ 3.  These drivers drove, in the aggregate, over 40 million miles completing deliveries through the Grubhub platform in Massachusetts.  *Id.* ¶ 4.  Grubhub denies that Plaintiff or any putative class member is entitled to reimbursement for any such miles driven and notes that these estimates are for jurisdictional purposes only.

24.     Plaintiff seeks "reimbursement for car expenses at the standard IRS mileage reimbursement rate."  Manthripragada Decl. Ex. A, Compl. ¶ 28.  The Internal Revenue Service standard mileage reimbursement rate ranged from 54.5 cents per mile to 58 cents per mile during the putative class period.    IRS, *Standard Mileage Rates,* https://www.irs.gov/tax-professionals/standard-mileage-rates (last updated Mar. 17, 2021).  Even assuming that putative class members incurred expenses based on the lowest applicable mileage rate—54.5 cents per mile—during the entire class period, the mileage reimbursement allegedly owed would be **$21,800,000**.

25.     Plaintiff also seeks trebling of damages pursuant to Massachusetts General Law chapter 149, section 150.  Manthripragada Decl. Ex. A, Compl., Prayer for Relief.  Section 150 states that employees aggrieved by a violation of the Massachusetts Wage Act "shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits."  Mass. Gen. Laws ch. 149, § 150.  Therefore, based on Plaintiff's allegations, the total amount in controversy for Plaintiff's claim for mileage reimbursement alone is **$65,400,000**, which is well over the requisite $5 million.  *See Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass 2013) ("When a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy.").

26.     Because this amount does not include other categories of alleged business expenses sought by Plaintiff, the amount placed in controversy by Plaintiff's first cause of action is **at least $65 million**.

27.     Plaintiff also seeks attorneys' fees should he recover under any of the claims in this action.  *See* Manthripragada Decl., Ex. A, Compl., Prayer for Relief.  Prospective attorneys' fees are properly included in the amount in controversy.  *See Lucas*, 973 F. Supp. 2d at 101 ("a court must take into account attorneys' fees where, as here, the award of those fees is statutorily authorized") (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001)); *see also* Mass. Gen. Laws ch. 149, § 150 (providing for mandatory attorneys' fees award for violation of section 148).  Grubhub denies that any attorneys' fees are owed to Plaintiff or putative class members; however, for purposes of this jurisdictional analysis only, Grubhub relies on Plaintiff's allegations that attorneys' fees are owed.  In *Romulus*, the First Circuit found that the defendant established the amount in controversy based in part on the inclusion of a fee award of 10% of the potential recovery.  770 F.3d at 81.  A 10% fee award in this case would be approximately **$6,540,000** on Plaintiff's first cause of action alone, placing in controversy well over **$79 million**.

28.     This figure is underinclusive of the actual amount in controversy because it is based on conservative assumptions and does not account for, among other things, any recovery sought for alleged business expenses other than mileage, failure to pay minimum wage (Second Cause of Action), or failure to pay earned sick leave (Third Cause of Action).

29.     Plaintiff's allegations place more than the requisite $5 million in controversy.  The jurisdictional amount-in-controversy requirement is therefore satisfied, and removal to this Court is proper under CAFA.

### III.     THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

30.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because (1) this action is a class action within the meaning of § 1332(d)(1)(B); (2) this action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B); (3) at least one member of the putative class is a citizen of a state

different than Grubhub as required by § 1332(d)(2)(A); and (4) the amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2).  Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

31.     Plaintiff originally filed this action in the Superior Court of the Commonwealth of Massachusetts, making removal to the United States District Court for the District of Massachusetts proper under 28 U.S.C. § 1441(a).

32.     Upon filing this Notice of Removal, Grubhub will furnish Plaintiff's counsel with a copy of this Notice and will file a copy of this Notice with the Clerk of the Superior Court of the Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1446(d).

Dated:   October 25, 2021

Respectfully submitted,

GRUBHUB HOLDINGS INC. and
GRUBHUB INC.

By their attorneys,

GIBSON, DUNN & CRUTCHER LLP


*/s/ Joshua S. Lipshutz*
Joshua S. Lipshutz, BBO #675302
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: 202.955.8500
JLipshutz@gibsondunn.com

Theane Evangelis (*pro hac vice* forthcoming)
Dhananjay S. Manthripragada (*pro hac vice* forthcoming)
333 South Grand Avenue
Los Angeles, CA 90071
Tel: 213.229.7000
TEvangelis@gibsondunn.com
DManthripragada@gibsondunn.com