# EXHIBIT A

**COMMONWEALTH OF MASSACHUSETTS**

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT<br>C. A. NO. _____ |
| STEPHEN LEVINE, on behalf of himself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | E-FILED 8/11/2021 |
| v. ) ) | PO |
| GRUBHUB HOLDINGS, INC. and GRUBHUB, INC., ) ) ) ) | |
| Defendants. ) ) | |

**CLASS ACTION COMPLAINT**

1. This case is brought on behalf of individuals who have worked as independent contractor delivery drivers for GrubHub Holdings Inc. and GrubHub Inc. (collectively, "GrubHub") in the Commonwealth of Massachusetts. GrubHub is a delivery service that provides delivery drivers who can be scheduled and dispatched through a mobile phone application or through its website and who will deliver food and other goods from restaurants and stores to customers at their homes and businesses.

2. As described further below, GrubHub has misclassified certain delivery drivers as independent contractors when they are actually employees, in violation of Mass. Gen. L. c. 149 § 148B. In so doing, GrubHub has violated Mass. Gen. L. c. 149 § 148 by failing to reimburse these drivers' necessary business expenses such as gas and car maintenance and Mass. Gen. L. c. 151 §§ 1, 7 by failing to pay these drivers the Massachusetts minimum wage after accounting for drivers' expenses and excluding

their tips (as GrubHub is not entitled to take the tip credit against the minimum wage). GrubHub has also failed to provide its independent contractor drivers with paid sick leave at a rate of at least one hour for every thirty hours worked in violation of the Massachusetts Earned Sick Time Law, Mass. Gen. L. c. 149 § 148C.

3. GrubHub's agreement with its drivers contains a mandatory arbitration provision, purporting to require drivers to arbitrate any disputes they have with GrubHub, including disputes related to their classification as independent contractors.

4. Plaintiff contends that this arbitration agreement is not enforceable, as he is a transportation worker exempt from arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, and the agreement is unenforceable under Massachusetts law because it contains a class action waiver that violates Massachusetts public policy. See Archer v. GrubHub, Inc., No. 1984CV03277-BLS1 (Mass. Super. Ct. Jan. 11, 2021) (finding GrubHub delivery drivers exempt from arbitration under FAA); see also Waithaka v. Amazon.com Inc., 966 F.3d 10 (1st Cir. 2020) (refusing to enforce arbitration agreement for Amazon delivery drivers).

## PARTIES

5. Plaintiff Stephen Levine is an adult resident of Lynn, Massachusetts. He has worked as a GrubHub independent contractor delivery driver in the Boston, Massachusetts, area and the North Shore since approximately January 2021.

6. Defendant GrubHub Holdings Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant does business in Massachusetts, including in Boston.

7. Defendant GrubHub Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant does business in Massachusetts, including in Boston. GrubHub Inc. is the parent corporation of Defendant GrubHub Holdings Inc.

8. Collectively, Defendants shall be referred to as "GrubHub."

## STATEMENT OF FACTS

9. GrubHub is a food delivery service, which provides delivery services in cities throughout the country via an on-demand dispatch system. GrubHub offers customers the ability to request a driver on a mobile phone application, who will go to the restaurant and pick up their food or to the store and pick up their merchandise, then deliver it to the customer at their home or business.

10. GrubHub's website homepage advertises that "GrubHub is the nation's leading online and mobile food ordering company dedicated to connecting hungry diners with local takeout restaurants."

11. In Massachusetts, GrubHub classifies certain of its delivery drivers as employees and certain other drivers as independent contractors. Under Massachusetts law, all GrubHub drivers should be classified as employees.

12. All GrubHub delivery drivers perform services within GrubHub's usual course of business, delivery of food and other goods. The drivers' services are fully integrated into GrubHub's business.

13. Additionally, GrubHub drivers are not typically engaged in their own food delivery business. When making deliveries to GrubHub customers, they wear the "hat" of GrubHub.

14. In addition, GrubHub maintains the right of control over the drivers'

performance of their jobs and exercises detailed control over them.

15. GrubHub unilaterally sets the pay scheme and rate of pay for the drivers' services and changes the rate of pay in its sole discretion.

16. GrubHub communicates directly with customer and follow up with drivers if the customer complains that the food was not delivered or that the delivery otherwise failed to meet their expectations. Based on any customer feedback, GrubHub may suspend or terminate drivers.

17. GrubHub directs the delivery drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries. Drivers are required to follow requirements imposed on them by GrubHub regarding handling of the food and timeliness of deliveries. GrubHub retains the right to terminate the drivers at will.

18. GrubHub drivers typically work on scheduled shifts (such as blocks of time lasting between one and four hours). While drivers are on shift, they must stay within an area assigned by GrubHub and must remain available to accept delivery assignments.

19. During their shifts, drivers are frequently contacted by dispatchers who instruct them on what they need to be doing and where they need to be. If the drivers did not follow the dispatchers' instructions, they will not receive job assignments, or their shifts will be cancelled. The drivers also risk termination if they do not adhere to the dispatchers' instructions.

20. During their shifts, drivers are typically assigned at least one and sometimes as many as four delivery jobs per hour. Delivery assignments can typically take between thirty minutes and an hour and a half to complete.

21. Drivers are required to accept job assignments during their shifts. If a driver's job acceptance rate falls below what GrubHub deems acceptable, GrubHub may terminate the driver or not pay them a guaranteed hourly rate. Frequently drivers receive multiple job assignments at the same time and so cannot always accept all of them. However, in order to avoid being terminated, they must accept as many assignments as possible.

22. While on shift, drivers are required to remain in their cars or with their bicycles, or very near to their cars or bicycles in the zone that GrubHub has designated so that they can be ready to take the next delivery assignment.

23. Given the frequency and duration of delivery assignments while drivers are on shift, as well as the requirement that the drivers in their cars or with their bicycles, or very near to their cars or bicycles at all times during their shifts, the drivers as a general matter cannot engage in personal non-work activities during their GrubHub shifts.

24. As a result, drivers are working throughout their entire shifts and this time is all compensable under Massachusetts wage law.

25. GrubHub drivers are generally paid through a flat fee for each delivery completed plus gratuities added by customers (though GrubHub at times will supplement these payments).

26. Drivers are required to pay for their own expenses, which include the cost of fuel and the cost of owning or leasing, as well as maintaining, their vehicles, as well as cellular data costs.

27. Because drivers are paid by the delivery (though they sometimes receive

an hourly rate of pay) and have been required to pay expenses necessary to do their job, their weekly pay rates have fallen below minimum wage in many weeks.

28. For example, Plaintiff estimates that his weekly wage fell below the Massachusetts minimum wage during the week of April 26, 2021, to May 2, 2021. During that week, he worked 4 hours and received a total of $54.20 (including tips). After subtracting reimbursement for car expenses at the standard IRS mileage reimbursement rate, Plaintiff estimates he made $10.14 per hour, and even less than that when tips are deducted from his wages.

29. GrubHub does not pay its independent contractor drivers any earned sick time. Plaintiff has been sick during the period he worked for GrubHub but was not able to receive sick pay for that time.

## CLASS ALLEGATIONS

30. The Court should certify this case as a class action on behalf of all GrubHub drivers who have worked as independent contractors in Massachusetts under Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150.

31. The class is so numerous that joinder of all members is impracticable. Plaintiff estimates that GrubHub has employed tens of thousands of drivers in Massachusetts while incorrectly classifying them as independent contractors.

32. There are questions of law and fact common to the class, including whether GrubHub has misclassified its drivers, failed to reimburse them for their business expenses, pay them minimum wage, and denied them sick leave.

33. The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of

GrubHub. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the class members. The legal issues as to which laws are violated by such conduct apply equally to Plaintiff and to the class.

34. The named Plaintiff will fairly and adequately protect the interests of the class. The named Plaintiff's claims are not antagonistic to those of the class and he has hired counsel skilled in the prosecution of class actions.

35. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named plaintiff has submitted his statutory claims with the Office of the Attorney General.

## COUNT I
## Wage Act
## MASSACHUSETTS GENERAL LAW CHAPTER 149 §§ 148, 148B

As set forth above, Defendant GrubHub has violated the Wage Act by misclassifying its drivers as independent contractors pursuant to § 148B and by failing to reimburse them for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans in violation of Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 § 150.

7

## COUNT II
### Minimum Wage
### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

As set forth above, Defendant GrubHub has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage. This claim is brought pursuant to M.G.L. c. 151, § 20.

## COUNT III
### Sick Leave
### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148C

As set forth above, Defendant GrubHub has violated the Massachusetts Sick Leave Law, M.G.L. c. 149 § 148C, by failing to pay GrubHub drivers earned sick time at a rate of at least one hour for every thirty hours worked.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 § 20;
2. Restitution for all damages due to the Plaintiff and other class members because of their misclassification as independent contractors and related wage law and sick leave violations;
3. An injunction ordering GrubHub to cease its unlawful practices;
4. Statutory trebling of damages;
5. Attorneys' fees and costs

6. Prejudgment interest; and,

7. Any other relief to which Plaintiff and the class may be entitled.

| | |
|---|---|
| Dated: August 11, 2021 | Respectfully submitted,<br><br>STEPHEN LEVINE, on behalf of himself and all others similarly situated,<br><br>By his attorneys,<br><br>_____<br>Shannon Liss-Riordan, BBO # 640716<br>Michelle Cassorla, BBO # 688429<br>Lichten & Liss-Riordan, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>617-994-5800<br>sliss@llrlaw.com<br>mcassorla@llrlaw.com |

9